UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ANDREW JAMES MCGONIGLE AND JOSHUA HESTER, individually and on behalf of all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED WHOLESALE MORTGAGE, LLC, <br><br> Defendant. | Civil Action No.: <br> Class Action Complaint <br> Jury Trial Demanded |

**Nature of this Action**

1. Andrew James McGonigle ("Plaintiff McGonigle") and Joshua Hester ("Plaintiff Hester") bring this class action against United Wholesale Mortgage, LLC ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") as well as the Virginia Telephone Privacy Protection Act ("VTPPA"), Va. Code Ann. §§ 59.1-510.

2. Upon information and good faith belief, Defendant routinely violated 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), as well as Va. Code Ann. §§ 59.1-510, by delivering, or causing to be delivered, more than one advertisement or marketing call or text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the overlapping state law claim because Plaintiff McGonigle is a Virginia resident.

1

4. This Court has personal jurisdiction over Defendant and venue is proper because Defendant resides in this District.

## Parties

5. Plaintiff McGonigle is a natural person who at all relevant times resided in Essex County, Virginia.

6. Plaintiff Hester is a natural person who at all relevant times resided in Polk County, Florida.

7. Defendant is a limited liability company headquartered in Pontiac, Oakland County, Michigan.

## Factual Allegations

<u>Plaintiff McGonigle</u>

8. Plaintiff is, and since August 5, 2024, was the regular and sole user of cellular telephone number (804) 238-XXXX.

9. Plaintiff uses, and at all times since August 5, 2024 used, telephone number (804) 238-XXXX as his personal residential telephone number.

10. Plaintiff does not use, and at no time since August 5, 2024 used, telephone number (804) 238-XXXX for business or commercial purposes.

11. Plaintiff registered telephone number (804) 238-XXXX with the DNC Registry on August 5, 2024, and it has been on the Do Not Call Registry since 2014.

12. Plaintiff obtained this telephone number because he moved from Florida to Virginia.

13. Indeed, the Plaintiff's prior carrier appeared to not have optimal coverage in the Plaintiff's new home in Virginia and so the Plaintiff switched carriers to Verizon, which assigned him a new telephone number.

14. The Plaintiff has no relationship with the prior owner of the phone number, and does not know who that individual is.

15. Plaintiff does not have a landline telephone number in his home.

16. Plaintiff's telephone number at issue is his only telephone number.

17. Indeed, Plaintiff has not acquired any new telephone numbers since August of 2024.

18. Plaintiff uses his cellular phone number for personal use only as one would use a landline telephone number in a home.

19. Plaintiff uses his cellular phone number primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

20. Plaintiff personally pays for his cell phone plan; he is not reimbursed by a business.

21. Prior to obtaining this telephone number, the Plaintiff was not aware of the TCPA or other remedies to stop the calls other than placing the number on the Do Not Call Registry, which he already knew it was.

22. However, after the onslaught of calls and text messages he received not intended for him, the Plaintiff researched how to address the unwanted spam and learned of the TCPA.

23. Between August 12, 2025, and August 22, 2025 Plaintiff received at least seven (7) unsolicited text messages from (248) 780-8661 and (248) 988-9183 which Defendant used or caused to be used for its marketing campaign.

24. The first six text messages were sent from (248) 780-8661.

25. Examples of the text messages received by Plaintiff are shown below:



26. None of these messages identified the legal name of the entity responsible for sending the text or provided a valid physical address, as required by federal and Virginia law.

27. The last text message sent by Defendant on August 22, 2025 was from (248) 988-9183.

28. A screenshot of the text message is provided below:



5

29. Defendant delivered, or caused to be delivered, the subject text messages to telephone number (804) 238-XXXX thirty-one or more days after Plaintiff registered telephone number (804) 238-XXXX with the DNC Registry.

30. The subject text messages were intended for someone other than, and unknown to, Plaintiff.

31. The purpose of the subject text messages was to advertise and market Defendant's business or services.

32. Plaintiff did not give Defendant prior express consent or permission to deliver, or cause to be delivered, advertisement or marketing text messages to telephone number (804) 238-XXXX.

33. Plaintiff did not request information or promotional materials from Defendant.

34. Plaintiff suffered actual harm as a result of the subject text messages in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

35. Upon information and good faith belief, Defendant knew, or should have known, that telephone number (804) 238-XXXX was registered with the DNC Registry on and after August 5, 2024.

36. However, the Defendant sent the text messages without regard for the National Do Not Call Registry and did not utilize the National Do Not Call Registry prior to sending.

37. The Defendant sent the text messages without regard for the FCC's Reassigned Number Database and did not utilize the Reassigned Number Database prior to sending.

Plaintiff Hester

38. Plaintiff Hester is and has been for at least five years, the subscriber to and customary user of his cellular telephone number—(863)-455-XXXX.

39. Plaintiff Hester uses, and at all times has used, telephone number (863) 455-XXXX as his personal residential telephone number.

40. Plaintiff Hester does not use, and at no time used, telephone number (863) 455-XXXX for business or commercial purposes.

41. Plaintiff does not have a landline telephone number in his home or any other telephone number.

42. Plaintiff uses his cellular phone number for personal use only as one would use a landline telephone number in a home.

43. Plaintiff uses his cellular phone number primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

44. Plaintiff personally pays for his cell phone plan; he is not reimbursed by a business.

45. After receiving numerous calls from Defendant, Plaintiff sent a letter to Defendant requesting they stop contacting him.

46. Despite that request, Plaintiff received at least seven (7) automatically dialed calls from Defendant from October 3, 2025 to October 13, 2025.

47. All of the calls were made from various spoofed telephone numbers.

48. All of the calls were made by Defendant to promote their mortgage financing services.

49. On the October 3rd call, Plaintiff asked Defendant not to contact him again.

50. Despite that request, Defendant called him again on October 6, 2025.

51. Plaintiff spoke to "Nikolai" and requested not be called again.

52. Subsequently, however, "Nikolai" called a second time on October 8, 2025, and again Plaintiff asked not to be called.

53. The pattern continued, and Defendant called Plaintiff a total of seven times after repeatedly being asked not to call.

54. During the last three calls, Plaintiff even informed Defendant he was represented by counsel.

55. Defendant, however, ignored this information and continued to call.

56. Plaintiff and other individuals who received these telemarketing calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

**Class Action Allegations**

57. Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully stated herein.

58. Plaintiffs bring this action on behalf of themselves and the following classes (the "Classes") pursuant to Federal Rule of Procedure 23:

Plaintiff McGonigle:

> **National Do Not Call Registry Class:** All persons throughout the United States (1) who did not provide their telephone number to Defendant, (2) to whom Defendant delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Defendant's goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Defendant delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

> **VTPPA Sub-Class:** All persons residing in the Commonwealth of Virginia (1) whose telephone numbers are or were assigned Virginia area codes, (2) who did not provide their telephone number to Defendant (3) to whom Defendant delivered or caused to be delivered one or more unsolicited text messages promoting its goods or services, (4) where the person's telephone number had been registered on the National Do Not Call Registry for at least thirty (30) days before the text message was delivered, and (5) within four years preceding the filing of this Complaint.

Plaintiff Hester:

> **Internal Do Not Call Class:** All persons within the United States who, (1) within the four years prior to the filing of this lawsuit through the date of class certification, (2) who received more than one telemarketing call from or on behalf of Defendant promoting Defendant's goods or services to said person's residential telephone number (3) within a 12-month period, (4) including at least one call after communicating to Defendant that they did not wish to receive such calls.

59. Excluded from the Classes are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

60. Upon information and belief, the members of the Classes are so numerous that joinder of all of them is impracticable.

61. The exact number of members of the Classes is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

62. The Classes are ascertainable because it is defined by reference to objective criteria.

63. In addition, the members of the Classes are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

64. Plaintiff's claims are typical of the claims of the members of the Classes.

65. As it did for all members of the class, Defendant delivered, or caused to be delivered, solicitation text messages to Plaintiff's telephone number more than thirty days after

9

Plaintiff's telephone number was registered with the DNC Registry.

66. Plaintiff's claims, and the claims of the members of the Classes, originate from the same conduct, practice, and procedure on the part of Defendant.

67. Plaintiff's claims are based on the same theories as are the claims of the members of the Classes.

68. Plaintiff suffered the same injuries as the members of the Classes.

69. Plaintiff will fairly and adequately protect the interests of the members of the Classes.

70. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Classes.

71. Plaintiff will vigorously pursue the claims of the members of the Classes.

72. Plaintiff has retained counsel experienced and competent in class action litigation.

73. Plaintiff's counsel will vigorously pursue this matter.

74. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Classes.

75. The questions of law and fact common to the members of the Classes predominate over questions that may affect individual members of the Classes.

76. Issues of law and fact common to all members of the Classes are:

    a. Defendant's conduct, pattern, and practice as it pertains to delivering, or causing to be delivered, advertisement and telemarketing calls and text messages;

    b. Defendant's practice of delivering, or causing to be delivered, text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

      Defendant's practice in making calls to Plaintiff without first obtaining prior express written consent to make the calls;

  c. Defendant's violations of the TCPA and VTPPA; and

  d. The availability of statutory penalties.

77. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

78. If brought and prosecuted individually, the claims of the members of the Classes would require proof of the same material and substantive facts.

79. The pursuit of separate actions by individual members of the Classes would, as a practical matter, be dispositive of the interests of other members of the Classes, and could substantially impair or impede their ability to protect their interests.

80. The pursuit of separate actions by individual members of the Classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

81. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Classes.

82. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

83. The pursuit of Plaintiff's claims, and the claims of the members of the Classes, in one forum will achieve efficiency and promote judicial economy.

11

84. There will be no extraordinary difficulty in the management of this action as a class action.

85. Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(c)(5)**
**(On Behalf of Plaintiff McGonigle and the National DNC Class)**

86. Plaintiff repeats and re-alleges each and every factual allegation contained therein.

87. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

88. A text message is a "call" as defined by the TCPA. *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (explaining that a text message is a "call" as defined by the TCPA).

89. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

90. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

12

91. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

92. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

93. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

94. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

### Count II
### Violation of the Virginia Telephone Privacy Protection Act
### Va. Code Ann. §§ 59.1-510 et seq.
### (On Behalf of Plaintiff McGonigle and the VTPPA Subclass)

95. Plaintiff repeats and re-alleges each and every factual allegation contained therein.

96. The VTPPA, Va. Code Ann. § 59.1-512(A), prohibits any person from making or causing to be made an unsolicited telephonic or text-based solicitation to a Virginia resident without prior express invitation or permission.

13

97. The statute defines a "telephone solicitation call" to include "text messages sent to a telephone number." Va. Code Ann. § 59.1-510.

98. Defendant made unsolicited telemarketing text messages to Plaintiff and members of the Virginia Subclass at numbers assigned Virginia area codes, without their prior express invitation or permission.

99. Each such text message was a separate and independent violation of Va. Code Ann. § 59.1-512(A).

100. Pursuant to Va. Code Ann. § 59.1-515(A), a natural person aggrieved by a violation may recover statutory damages of $500 for a first violation, $1,000 for a second violation, and $5,000 for each subsequent violation, along with reasonable attorney's fees, costs, and injunctive relief.

101. Defendant's violations were willful and knowing, thereby entitling Plaintiff and the Virginia Subclass to the maximum statutory damages available.

102. As a result of Defendant's violations of the VTPPA, Plaintiff and the Virginia Subclass have suffered concrete privacy injuries and are entitled to judgment, statutory damages, attorney's fees, costs, and injunctive and declaratory relief.

## COUNT III
## VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)
### (On Behalf of Plaintiff Hester and the IDNC Class)

103. Plaintiff re-alleges and incorporates the foregoing allegations set forth as if fully set forth herein.

104. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request

not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

105. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

106. Plaintiff and the Class Members are residential telephone subscribers who received more than one call or text message made for purposes of telemarketing or solicitation purposes

from Defendant, who has failed to implement the requisite procedures and personnel training as demonstrated by its repeated failure to honor opt-out requests.

107. Plaintiff and the Class members made requests to Defendant not to receive calls and texts from Defendant.

108. Plaintiff and the Class Members revoked any consent they may have previously provided Defendant by explicitly telling Defendant to stop orally or by sending "STOP" or similar opt-out instruction in response to Defendant's calls.

109. Plaintiff and the Class Members terminated any business relationship they may have previously had with Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's calls. *See* 47 C.F.R. § 64.1200(f)(5)(i). (A consumer's "seller-specific do-not-call request * * * terminates an established business relationship for purposes of telemarketing and telephone solicitation even if the subscriber continues to do business with the seller.")

110. Plaintiff and the Class Members revoked any consent they may have provided Defendant by responding with "stop" or similar opt-out instructions.

111. Defendant continued to call or text message Plaintiff and the Class Members to harass them into making purchases from Defendant.

112. Defendant failed to honor Plaintiff's and the Class members' opt-out requests.

113. Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

114. Plaintiff and the Class members are informed and believe that Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls or calls.

115. Plaintiff and the Class members are informed and believe that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

116. Plaintiff and the Class members are informed and believe that Defendant does not train its personnel engaged in any aspect of telemarketing in the existence and use of the do-not-call list.

117. The details and specific facts regarding Defendant's failure to maintain the required policies and procedures, as well as personnel training, are solely within Defendant's knowledge and possession.

118. Defendant has violated 47 C.F.R. § 64.1200(d) by failing to honor opt-out requests, failing to maintain the required policies and procedures, and failing to train its personnel engaged in telemarketing.

119. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

120. As a result of Defendant's knowing or willful conduct, Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages per violation.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e) Enjoining Defendant from continuing its violative behavior, including continuing to deliver, or causing to be delivered, solicitation calls and text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(c)(5)(C);

h) Adjudging and declaring that Defendant violated the Virginia Telephone Privacy Protection Act, Va. Code Ann. §§ 59.1-510 et seq.;

i) Awarding Plaintiff and the Virginia Subclass statutory damages under Va. Code Ann. § 59.1-515(A);

j) Awarding Plaintiff and the Virginia Subclass attorney's fees, costs, and injunctive relief under Va. Code Ann. § 59.1-515(A);

k) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

l) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

m) Awarding such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: December 2, 2025     PLAINTIFF, on behalf of themselves
                            and others similarly situated,


                            */s/ Anthony I. Paronich*
                            Anthony I. Paronich
                            Paronich Law, P.C.
                            350 Lincoln Street, Suite 2400
                            Hingham, MA 02043
                            (508) 221-1510
                            anthony@paronichlaw.com