UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW JAMES MCGONIGLE and JOSHUA HESTER, individually and on behalf of all similarly situated,

Plaintiffs,

Case No. 25-cv-13865
Hon. Terrence G. Berg
Mag. Elizabeth A. Stafford

v.

UNITED WHOLESALE MORTGAGE, LLC,

Defendant.

---

**DEFENDANT UNITED WHOLESALE MORTGAGE, LLC'S THIRD NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant United Wholesale Mortgage, LLC ("UWM") respectfully submits this Notice to inform the Court of three recently issued decisions that directly support UWM's arguments in its pending Motion to Dismiss (ECF No. 17).

**A. Decisions Holding That Do Not Call ("DNC") Provisions of the TCPA Do Not Apply to Text Messages**

- In *Card v. R.J. Reynolds Tobacco Holdings, Inc.*, No. 1:26-CV-433, 2026 WL 2673068 (M.D.N.C. Sept. 3, 2026), the U.S. District Court for the Middle District of North Carolina granted a motion to dismiss DNC claims under the TCPA. The Court adopted the reasoning from *Steidinger v. Blackstone Medical Services*, 182 F.4th 532, 540 (7th Cir. 2026), holding that

§ 227(c)(5)'s private right of action for more than one "telephone call" does not extend to text messages, and therefore dismissed the claim. *Card*, 2026 WL 2673068, at *1-3. A copy of this decision is attached as **Exhibit A**.

- In *Conrad v. Hart Consumer Products, Incorporated*, No. 4:24-CV-307-CLM, 2026 WL 2741623 (N.D. Ala. Sept. 16, 2026), the U.S. District Court for the Northern District of Alabama dismissed a TCPA Do-Not-Call claim based on promotional text messages sent to a cell phone listed on the National Do Not Call Registry. The court similarly held that text messages are not "telephone calls" under 47 U.S.C. § 227(c)(5) and therefore are not privately actionable under that provision. *Id.* at *8-13. A copy of this decision is attached as **Exhibit B**.

These decisions directly support UWM's argument that Plaintiffs' text-message-based claims should be dismissed, as text messages are not actionable under 47 U.S.C. § 227(c)(5).

**B. Decision Holding That DNC Provisions of the TCPA Do Not Apply to Calls to Cell Phones**

- In *Anthony v. Brian Marketing Group*, No. 24-80800-CIV, 2026 WL 2685650 (S.D. Fla. Sept. 11, 2026), the U.S. District Court for the Southern District of Florida refused to issue a default judgment to Plaintiff on a claim based on receipt of unsolicited text messages sent to the ***plaintiff's cell phone***. The court concluded both that cell phones are not "residential telephone

subscribers" under § 227(c), *id.* at *7-10, and that text messages are not actionable "telephone calls" under § 227(c)(5), rejecting the FCC's broader reading, *id.* at *10-12. A copy of this decision is attached as **Exhibit C**.

In addition to supporting UWM's argument that text messages are not actionable under 47 U.S.C. § 227(c)(5), *Anthony* supports UWM's argument that the TCPA Claims (Counts I and III) should be dismissed because Plaintiffs received calls and texts only to their cell phones, and cell phone users are not "residential telephone subscribers" under the DNC Provisions.

UWM respectfully requests that the Court consider this supplemental authority in connection with UWM's pending Motion to Dismiss.

Dated: September 23, 2026

Respectfully submitted,

**FOLEY & LARDNER LLP**

By: */s/ Irina Kashcheyeva*
Irina Kashcheyeva (P72575)
Amir El-Aswad (P86092)
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
(313) 234-7100
ikashcheyeva@foley.com
ael-aswad@foley.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2026, I caused to be electronically filed the foregoing paper with the Clerk of the Court, which will send notification of such filing to all counsel of record via the Court's ECF system.

By: */s/ Irina Kashcheyeva*
Irina Kashcheyeva (P72575)
Amir El-Aswad (P86092)
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
(313) 234-7100
(313) 234-2800
ikashcheyeva@foley.com
ael-aswad@foley.com
*Counsel for Defendant*