UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW JAMES MCGONIGLE and JOSHUA HESTER, individually and on behalf of all similarly situated,

Plaintiffs,

v.

UNITED WHOLESALE MORTGAGE, LLC,

Defendant.

Case No. 25-cv-13865
Hon. Terrence G. Berg
Mag. Elizabeth A. Stafford

---

**DEFENDANT UNITED WHOLESALE MORTGAGE, LLC'S FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant United Wholesale Mortgage, LLC ("UWM") respectfully submits this Notice to inform the Court of two recently issued decisions of relevance to UWM's pending Motion to Dismiss.

- *First*, the United States District Court for the District of Colorado issued its decision in *Radavansky v. 1st Class Medical*, No. 25-CV-03796-PAB-STV, 2026 WL 2858562 (D. Colo. Sep. 23, 2026), which is attached as **Exhibit A**. Following the Seventh Circuit's decision in *Steidinger v. Blackstone Med. Servs*., 182 F.4th 532 (7th Cir. 2026), the court in *Radavansky* held that 47 U.S.C. § 227(c)(5) does not create a private right of action for text messages.

- *Second*, the United States District Court for the Eastern District of Missouri issued its decision in *Koeller v. Ox AppSec Security, Inc.*, No. 4:25-CV-0641-MTS, 2026 WL 2935851 (E.D. Mo. Sept. 30, 2026), which is attached as **Exhibit B**. Exercising its independent judgment following *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), the court in *Koeller* held that 47 U.S.C. § 227(c)(5) does not provide a private right of action for cellular telephone subscribers because the Do Not Call ("DNC") provisions of the Telephone Consumer Protection Act ("TCPA") protect only "residential telephone subscribers." Because the plaintiff alleged only that he was contacted on his cell phone, the court dismissed his § 227(c)(5) claim for failure to state a claim.

*Radavansky* and *Koeller* directly support UWM's arguments in its pending Motion to Dismiss (ECF No. 17) that Plaintiffs' text-message-based claims should be dismissed because text messages are not actionable under 47 U.S.C. § 227(c)(5) and that Plaintiffs cannot state a claim for violations of the DNC provisions of the TCPA, because they received texts and calls only to their cell phones, and thus are not "residential telephone subscribers" under the TCPA's DNC provisions. UWM respectfully requests that the Court consider this supplemental authority in connection with UWM's pending Motion to Dismiss.

Dated: October 7, 2026

Respectfully submitted,

**FOLEY & LARDNER LLP**

By: *<u>/s/ Irina Kashcheyeva</u>*

Irina Kashcheyeva (P72575)
Amir El-Aswad (P86092)
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
(313) 234-7100
ikashcheyeva@foley.com
ael-aswad@foley.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2026, I caused to be electronically filed the foregoing paper with the Clerk of the Court, which will send notification of such filing to all counsel of record via the Court's ECF system.

By: */s/ Irina Kashcheyeva*
Irina Kashcheyeva (P72575)
Amir El-Aswad (P86092)
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
(313) 234-7100
(313) 234-2800
ikashcheyeva@foley.com
ael-aswad@foley.com
*Counsel for Defendant*