2026 WL 2858562
Only the Westlaw citation is currently available.
United States District Court, D. Colorado.

ETHAN RADVANSKY, on behalf of himself and others similarly situated, Plaintiff,
v.
1st CLASS MEDICAL, Defendant.

Civil Action No. 25-cv-03796-PAB-STV
|
09/23/2026

Judge Philip A. Brimmer

**ORDER**

***1** This matter comes before the Court on Defendant's Motion to Dismiss and to Strike Class Allegations [Docket No. 17]. Plaintiff filed a response. Docket No. 18.

**I. BACKGROUND**[1]

Since at least March 2025, plaintiff has been the regular and sole user of his cellular telephone number. Docket No. 1 at 2, ¶ 8. Plaintiff uses his telephone number as his personal, residential telephone number. *Id.*, ¶ 9. He does not use his telephone number for business or commercial purposes. *Id.*, ¶ 10. Plaintiff's telephone number has been registered with the National Do-Not-Call Registry (the "DNC registry") since 2015. *Id.*, ¶ 11. Defendant delivered text messages to plaintiff's telephone number on March 21, April 4, April 11, April 12, and April 13, 2025—over thirty-one days after plaintiff's telephone number was registered with the DNC registry. *Id.*, ¶¶ 12-13. The text messages were intended for someone other than plaintiff. *Id.* at 4, ¶ 15. The purpose of the subject text messages was to advertise and market defendant's business or services. *Id.*, ¶ 16. Plaintiff did not give defendant permission to deliver the text message. *Id.*, ¶ 17.

On November 24, 2025, plaintiff filed a complaint, on behalf of himself and others similarly situated, bringing one claim for a violation of 47 U.S.C. § 227(c)(5), a subsection of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. *Id.* at 7-9, ¶¶ 49-57. On January 5, 2026, defendant filed a motion to dismiss, arguing that plaintiff does not state a claim because § 227(c)(5) does not create a private cause of action based on unsolicited text messages and that plaintiff lacks standing because he uses his telephone number of business purposes, not for residential use.[2] Docket No. 17 at 3-6. In the event the Court denies the motion to dismiss, defendant moves to strike plaintiff's class action allegations. *Id.* at 7-8. On January 6, 2026, plaintiff filed a response. Docket No. 18.

**II. LEGAL STANDARD**

***2** To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief...plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). A court, however, does not need to accept conclusory allegations. *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

### III. ANALYSIS

Title 47 US.C. § 227(c)(5) authorizes a private right of action for any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." Defendant argues that the term "telephone call" as used in § 227(c)(5) does not include text messages, Docket No. 17 at 4-5, whereas plaintiff argues that the term telephone call as used in § 227(c)(5) does include text messages. Docket No. 18 at 4-10. Because plaintiff's claim is premised on the unsolicited receipt of text messages, Docket No. 1 at 2, ¶ 12, plaintiff fails to state a claim under § 227(c)(5) if the term telephone call does not include text messages.

Both parties cite caselaw in support of their interpretation of the term telephone call. Docket No. 17 at 5-6; Docket No. 18 at 4-7. Moreover, since filing their briefs on the motion to dismiss, both parties have filed several notices of supplemental authority consisting of cases supporting their respective interpretation of "telephone call." *See* Docket Nos. 29, 31, 35, 38-39, 47, 48. As defendant notes, the Tenth Circuit has not ruled on this issue. Docket No. 17 at 5.

The Court finds *Steidinger v. Blackstone Med. Servs.*, 182 F.4th 532 (7th Cir. 2026), persuasive. There, the Seventh Circuit noted that "[t]he TCPA doesn't offer a definition, so we turn to contemporaneous dictionary definitions for guidance." *Id.* at 535 (citing *Dela. v. Penn.*, 598 U.S. 115, 127-28 (2023)). In doing so, the court found that, at the time the TCPA was enacted, "a telephone was 'an instrument for reproducing sounds at a distance.' " *Id.* at 535-36 (citing *Telephone*, Webster's Ninth New Collegiate Dictionary (1991)) (alterations omitted). The court further noted that "a call meant 'to get or try to get into communication by telephone.' " *Id.* at 536 (citing *Call*, Webster's Ninth New Collegiate Dictionary (1991)). Therefore, the court determined that, "in 1991, a 'telephone call' referred to communication via sound." *Id.* "Text messages do not reproduce sounds, suggesting that they do not qualify as a new application of telephone call within the meaning of that term." *Id.* (citing *Wis. Cent. Ltd. v. United States*, 585 U.S. 274, 284 (2018)).

***3** Plaintiff argues that the term telephone call should include text messages because other subsections of § 227(c) proscribe " 'making or transmitting a telephone solicitation to the telephone number of any subscriber' on the Do Not Call List." Docket No. 18 at 6 (citing 47 U.S.C. § 227(c)(3)(F)). Plaintiff argues that "the term 'telephone solicitation'...clearly encompasses text messages," so therefore, the term telephone call should be interpreted as encompassing text messages. *Id.* at 6-7. The issue with this argument, however, is that "§ 227(c)(5) only creates a private right of action for the receipt of more than one 'telephone call' within a 12-month period. It doesn't mention telephone messages, nor does it use the more encompassing term, telephone solicitation." *Steidinger*, 182 F.4th at 536. Thus, in *Steidinger*, the court presumed that, "because Congress used a different term in these two subsections of § 227, it intended a different meaning," and therefore the Court found that "[t]he best reading of § 227(c)(5) is...that it provides a narrower remedy than recovery for all forms of telephone solicitation; plaintiffs may sue after receiving unwanted telephone calls, but not unwanted telephone solicitations (which include not merely calls but also messages)." *Id.* (citation omitted); *see also Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1274 (N.D. Fla. 2025) ("Congress's use of the phrase 'telephone call or message' in a neighboring provision only undermines [plaintiff's] position. It shows that Congress does not use the term 'telephone call' to encompass all 'messages.' "). The Court agrees with this analysis and finds that § 227(c)'s use of the term "telephone solicitation" in other subsections of § 227(c) undermines plaintiff's interpretation of telephone call rather than bolsters it.

Plaintiff argues that Court should interpret telephone call to include text messages because the Federal Communications Commission ("FCC") "has consistently interpreted 'call' to include text messages and has expressly applied the DNC rules to 'text messages to wireless telephone numbers.' " Docket No. 18 at 10 (citing 18 FCC Rcd. 14014, 14115 ¶ 165 (2003); 47 C.F.R. § 64.1200(e)). *Steidinger* considered and rejected this argument. 182 F.4th at 538. In doing so, the court noted that this argument was unpersuasive because it involved the FCC interpreting "call" to include text messages in the context of extending DNC registry protections to text messages. *Id.* "But the National Do-Not-Call Registry was implemented pursuant to § 227(c)(3), which refers to 'telephone solicitations,' so the FCC's interpretation doesn't inform our understanding of § 227(c)(5), which refers only to telephone calls."[3] *Id.* The Court finds this analysis persuasive, and does not find that the FCC's interpretation of other subsections of § 227(c) informs the proper interpretation of § 227(c)(5).

Finally, plaintiff argues that "the purpose of the Do Not Call List provisions further supports [his] interpretation." Docket No. 18 at 7. But "the plaintiffs' policy arguments and broad invocation of the TCPA's remedial nature 'cannot overcome the clear commands of § 227(c)(5)'s text and the statutory context.' " *Steidinger*, 182 F.4th at 539 (quoting *Facebook, Inc. v. Duguid*, 592 U.S. 395, 406 (2021)) (alterations omitted). Moreover, as the *Steidinger* court noted, there are multiple reasons why it is "unsurprising, or at the very least reasonable," that Congress chose to make "§ 227(c)(5)'s private right of action...cover telephone calls but not messages." *Id.* at 540. Thus, the Court finds plaintiff's arguments unavailing and adopts the *Steidinger* court's holding that the term telephone call, as used in § 227(c)(5), does not encompass text messages.[4] In light of this finding, the Court will dismiss plaintiff's § 227(c)(5) claim with prejudice because plaintiff's claim is based entirely on receiving unsolicited text messages, not telephone calls.

## IV. CONCLUSION

***4** Therefore, it is

**ORDERED** that Defendant's Motion to Dismiss Complaint and to Strike Class Action Allegations [Docket No. 17] is **GRANTED**. It is further

**ORDERED** that plaintiff's claim for relief is **DISMISSED with prejudice**. It is further

**ORDERED** that this case is closed.

DATED September 23, 2026.

BY THE COURT:

### All Citations

Slip Copy, 2026 WL 2858562

Footnotes

1 The facts below are taken from plaintiff's complaint, Docket No. 1, and are presumed to be true, unless otherwise noted, for purposes of ruling on defendant's motion to dismiss.

2 Defendant purports to bring its so-called standing argument under Federal Rule of Civil Procedure 12(b)(1). Docket No. 17 at 2, 6. However, defendant's argument that plaintiff does not have a cause of action under the statute due to using his telephone number for business purposes is properly characterized as a "prudential standing" or "statutory standing" argument, *see* *Food & Drug Admin. v. R. J. Reynolds Vapor Co.*, 606 U.S. 226, 232 n.3 (2025) (citation omitted); *United States v. Rudolph*, No. 22-cr-012-WJM, 2024 WL 1604750 (D. Colo. Apr. 12, 2024), which is not a jurisdictional argument. *See* *R.J. Reynolds Vapor*, 606 U.S. at 232 n.3 (stating that the Supreme Court "ha[s] abandoned [the prudential standing] label as misleading" because "the question is not one of standing, but of whether the statute grants the plaintiff the cause of action that he asserts.") (internal quotations and citations omitted). Defendant's argument is properly raised under Federal Rule of Civil Procedure 12(b)(6). *See* *Tcherkezian v. Ibotta, Inc.*, No. 25-cv-01213-NYW-SBP, 2026 WL 2224643, at *4 (D. Colo. Aug. 3, 2026) ("This 'statutory standing' challenge is reviewed using Rule 12(b)(6) standards rather than jurisdictional ones") (citations omitted); *Series 17-03-615 v. Teva Pharms. USA, Inc.*, 785 F. Supp. 3d 904, 939 n.27 (D. Kan. 2025) ("[Defendant's] standing argument refers to prudential or statutory standing, so the Court dismisses the complaint on this ground under Rule 12(b)(6), rather than Rule 12(b)(1).") (citations omitted). Therefore, the Court will analyze both of defendant's arguments under the Rule 12(b)(6) standard.

3 The *Steidinger* court also stated that, even if the FCC interpreted telephone call as used in § 227(c)(5) to encompass text messages, the court is not "bound by the FCC's interpretation" and would come to the same conclusion on the issue regardless of FCC interpretation. 182 F.4th 538-39 (citing *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 168 (2025)).

4 Because this finding is dispositive, the Court need not consider defendant's non-jurisdictional argument that plaintiff did not use his telephone for residential use. However, even if it did, the Court would find the argument unpersuasive because the complaint alleges that plaintiff used his telephone number "as his personal residential telephone number" and did not use the telephone number "for business or commercial purposes." Docket No. 1 at 2, ¶¶ 9-10. The Court finds that defendant provides no compelling argument as to why the Court should not accept these allegations as true.

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

PHILIP A. BRIMMER

United States District Judge

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.